UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SEDRICK AUNTAE WASHINGTON,

    Plaintiff,

v.                                         Case No. 5:22-cv-285-TKW-MJF

COLE DYAS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 5. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Sedrick Washington (DC# R06732) is a Florida prisoner confined at the Gulf Correctional Institution in Wewahitchka, Florida. Washington initiated this action on November 29, 2022, by filing a civil rights complaint under 42 U.S.C. §

1983. Doc. 1. Washington filed his amended complaint on December 22, 2022. Doc. 5.

Washington's amended complaint names seventeen Defendants: the current and former Secretaries of the Florida Department of Corrections ("FDC"), as well as fifteen prison officials and medical personnel at Gulf CI. Doc. 5 at 2-3, 14-17. In short, Washington claims that in July 2021, the Defendants used excessive force on him and denied him medical care, in retaliation for his exposing inmate abuse within the FDC. *Id*. at 5-7, 18-25. As relief, Washington seeks declaratory and injunctive relief, and several millions of dollars in money damages. *Id*. at 7, 25-28.

## II. Discussion

### A.  Screening of Washington's Amended Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same where plaintiff failed to disclose existence of a prior case).

B.     **Washington's Reponses to Questions on the Complaint Form**

In his amended complaint, Washington provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 5 at 8-12. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Doc. 5 at 9. Where there

are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Washington marked "No" and disclosed no cases in the space for doing so. *Id*. at 9.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 5 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Washington marked "No" and disclosed no cases in the space for doing so. *Id*. at 10.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" Doc. 5 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Washington marked "Yes" and disclosed six actions he filed in state court that challenged his conviction. *Id*. at 10-12. The state-court actions ranged in date from 2009-2020. *Id*. Washington did not disclose any federal-court cases.

At the end of the civil rights complaint form, Washington signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 5 at 12. Thus, Washington has in effect stated that at the time he filed his amended complaint on December 22, 2022, he had not filed any habeas corpus petition in federal court that challenged his conviction.

C. **<u>Washington's Omission</u>**

The court takes judicial notice that, at the time Washington filed his initial and amended complaints in this case, he had filed a prior habeas corpus petition in federal court challenging his conviction. Specifically, on November 7, 2012, Washington filed a habeas corpus petition under 28 U.S.C. § 2254, in the United States District Court for the Middle District of Florida. *See Washington v. Sec'y, Dep't of Corr.*, No. 3:12-cv-02530-MSS-TGW (M.D. Fla. Nov. 7, 2012). The petition challenged Washington's conviction for carjacking, resisting arrest with violence, and criminal mischief, for which Washington is serving life imprisonment as a habitual felony offender and prison releasee re-offender. On November 14, 2012, the district court dismissed the petition as time-barred. *See Washington v. Sec'y, Dep't of Corr.*, No. 3:12-cv-02530-MSS-TGW (M.D. Fla. Nov. 14, 2012). On June 22, 2021, the United States Court of Appeals for the Eleventh Circuit denied Washington's application for leave to file a second or successive habeas corpus petition. *See In re Sedrick Washington*, No, 21-11940-G (11th Cir. June 22, 2021).

The federal habeas petition is attributable to Washington because it bears his inmate number, DC# R06732. Washington had two opportunities to disclose the

prior § 2254 petition—in his initial complaint and in his amended complaint—but failed to do so.[1]

The federal habeas petition falls squarely within the complaint form's disclosure requirements. The complaint form required Washington to list all habeas corpus petitions filed in federal court that challenged his conviction. Washington's failure to disclose the federal habeas petition violates his duty of candor to this court.

D.     **The Materiality of Washington's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are

---

[1] Washington's initial complaint was not filed on the court-approved form. Nevertheless, Washington included allegations concerning his prior litigation. *See* Doc. 1 at 31. Washington stated: "Plaintiff have [sic] not filed any other lawsuits in federal court either challenging his conviction or otherwise relating to the conditions of his confinement." *Id*. Washington then certified that "the foregoing is true and correct," and signed his complaint under penalty of perjury. *Id*. at 31-32.

repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Washington falsely responded to a question on the complaint form as detailed above. Washington knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 5 at 8. A penalty is warranted both to deter Washington from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Washington's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action; noting that the habeas action fell "squarely within the complaint form's disclosure requirements"); *Strickland v.*

*United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same in case where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition); *see also, e.g., Velazquez v. Lowery*, No. 3:21CV412/MCR/EMT, 2021 WL 2666872 (N.D. Fla. June 8, 2021), *report and recommendation adopted*, No. 3:21CV412-MCR-EMT, 2021 WL 2665721 (N.D. Fla. June 29, 2021) (same); *Johnson v. Burch*, No. 5:19-CV-77-TKW/MJF, 2019 WL 4926617 (N.D. Fla. July 19, 2019), *report and recommendation adopted*, No. 5:19CV77-TKW-MJF, 2019 WL 4596569 (N.D. Fla. Sept. 23, 2019) (same in case where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition and subsequent application for leave to file a successive § 2254 petition).

If Washington suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Washington's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal of case for abuse of the judicial process where *pro se* prisoner's amended complaint failed to disclose a federal lawsuit he filed after his initial complaint but before his amended complaint); *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in

dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Washington another opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Strickland*, 739 F. App'x at 588.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this <u>3rd</u> day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**