UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SEDRICK AUNTAE WASHINGTON,**

    **Plaintiff,**

v.                                                 Case No.  5:22-cv-285-TKW-MJF

**COLE DYAS, et al.,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 8) and Plaintiff's objection (Doc. 11).  The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as an abuse of the judicial process based on Plaintiff's failure to fully disclose his litigation history.

Defendant makes several arguments as to why the Court should reject the magistrate judge's recommendation.  None are persuasive.

First, Defendant argues that he simply made an "honest mistake" in failing to fully disclose his litigation history and that dismissal of his complaint is a "draconian sanction" for a mistake.  The Court finds that argument unpersuasive because the

question on the civil rights complaint form that Plaintiff answered untruthfully, Question VIII(C), clearly and unambiguously required him to disclose prior <u>federal</u> habeas cases; it is undisputed that he did not do so; and he offers no excuse for not doing so.  Moreover, dismissal without prejudice is not a "draconian sanction" because it does not preclude Plaintiff from pursuing his claim in another suit,[1] and under the circumstances, a lesser sanction would be insufficient to deter Plaintiff (and other prisoners) from providing incomplete and untruthful information on the civil rights complaint form.  *See Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

Next, Plaintiff requested that the Court "disclose any other prior litigation he may not know of he needs to include to avoid future **gotcha** games by this Court" (emphasis in original).  The Court sees no reason to do so because it is Plaintiff's responsibility, not the Court's, "to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021).

---

[1] Plaintiff argues that dismissal for failure to fully disclose his litigation history "imposes a penalty (only on lay prisoners) … proceeding pro se, which in some cases results in (unwarranted three strikes) barring them from court …." Doc. 11 at 5.  However, Plaintiff does not argue that he now has three strikes and, assuming his response to Question VIII(A) was truthful, it does not appear that he does.

Finally, Plaintiff argues that he should be allowed to amend his complaint to list the omitted cases and he filed a separate motion (Doc. 9) seeking that relief. The Court disagrees because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.");

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion for leave to file an amended complaint (Doc. 9) is **DENIED**.

3. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) based on Plaintiff's failure to fully disclose his litigation history.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 23rd day of January, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**